UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DEREK LEDOUX**<br># 488348 | **CIVIL ACTION NO. 11-CV-1098**<br>**SECTION P** |
| VS. | JUDGE MINALDI |
| STATE OF LOUISIANA, ET AL | MAGISTRATE KAY |

## ORDER TO SEVER

Before the court is Derek Ledoux's *pro se* civil rights (42 U.S.C. § 1983) complaint filed *in forma pauperis* on June 9, 2011.  Plaintiff filed a second civil rights complaint (Doc. 4) on May 11, 2012, in which he brought unrelated claims against multiple defendants not named in his original complaint.  Via a separate report and recommendation, this court is recommending that plaintiff's first complaint (Doc. 1) be dismissed for failure to state a claim and as frivolous.  It is the second complaint that is the subject of this order to sever.

### *Background*

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana.  His initial complaint (Doc. 1) centers around allegations of price gouging or price fixing on the part of the following named defendants: State of Louisiana, Calcasieu Sheriff's Department, Department of Justice, Department of Corrections, and Keefe Commissary Network Sales Co.   The focus of plaintiff's second complaint (Doc. 4) is an ineffective assistance of counsel claim in regard to his 2009 conviction for felony carnal knowledge of a juvenile. Doc. 4-1, p. 1.  The defendants named in his second complaint are

public defender Steven Coward; assistant district attorneys Tara Hawkins, Alberto Depuy, and William Durrett; court reporter Cyndie McManus; and Dustin Abshire.

As relief for the above, plaintiff seeks to have the charges dropped, his name cleared, and compensatory damages for pain and suffering from the emotional distress suffered by him and his family.  Doc. 4, p. 4.

### *Law and Analysis*

The claims asserted in plaintiff's second complaint are subject to being severed by the court under Fed.R.Civ.P. 20(a)(2) and Fed.R.Civ.P. 21 for improper joinder. Under Rule 20(a)(2), permissive joinder of defendants is proper if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action."

Fed.R.Civ.P. 20.  Rule 20(a)(2) is designed to promote judicial economy and trial convenience. *See Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D.La. 1995). Courts have described Rule 20(a)(2)(A) and Rule 20(a)(2)(B) as creating a two-prong test to determine whether joinder of parties is proper. *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 521 (5th Cir. 2010). However, even if both prongs of Rule 20(a)(2) are satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay.  *Id*.

Rule 21 of the Federal Rules of Civil Procedure provides as follows:  "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own… [t]he court may…sever any claim against a party."  "The trial court has broad discretion to sever issues to be tried before it."  *Brunet v. United Gas Pipeline Co*., 15 F.3d 500, 505 (5th Cir. 1994).

The two prong test of Rule 20 is not met as the plaintiff's claim against the defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and

there is not one common question of law or fact connecting all of the plaintiff's claims. The claims against the different sets of defendants named in each complaint will involve separate witnesses, different evidence, and different legal theories and defenses. Therefore, this court will sever all claims and all defendants named in plaintiff's second complaint (Doc. 4) from this action.

Accordingly,

**THE CLERK OF COURT IS ORDERED TO:** (1) sever defendants Steven Coward, Tara Hawkins, Alberto Depuy, William Durrett, Cyndie McManus, and Dustin Abshire from the instant suit; (2) open a new suit civil rights suit listing the above individuals as defendants; (3) make a copy of document #4 filed in the current case and place the copy in the newly opened suit; (4) make a copy of this order to sever and place the copy in the newly opened suit; and, (4) to issue an *in forma pauperis* filing form to plaintiff as well as any necessary deficiency orders.

THUS DONE this 29th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE